IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| INTERACTIVE TOYBOX, LLC, | § |
| Plaintiff, | § § § |
| v. | §  Civil Action No. 1:16-cv-1305 |
| ACTIVISION BLIZZARD, INC. | § § **JURY TRIAL DEMANDED** |
| Defendant. | § § § § |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Interactive ToyBox, LLC ("Interactive ToyBox" or "Plaintiff"), by and through its attorneys, files this Complaint for Patent Infringement against Defendant Activision Blizzard, Inc. ("Activision Blizzard" or "Defendant") and alleges:

## I.  NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285.

## II.  THE PARTIES

2. Interactive ToyBox is a limited liability corporation organized and existing under the laws of Texas, with its principal place of business at 2802 Flintrock Trace, Suite 352, Austin, TX 78738.

3. Activision Blizzard is a Delaware corporation with its principal place of business at 3100 Ocean Park Boulevard, Santa Monica, California 90405.  Activision Blizzard does business within the State of Texas and in this District.  Activision Blizzard's registered agent is Corporation Service Company, 2711 Centerville Road, Ste. 400, Wilmington, DE 19808.

### III.  JURISDICTION AND VENUE

4. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 284, and 285.

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has specific and general personal jurisdiction over Activision Blizzard pursuant to due process and/or the Texas Long Arm Statute, because it has committed acts giving rise to this action within Texas and within this judicial district.  The Court's exercise of jurisdiction over Activision Blizzard would not offend traditional notions of fair play and substantial justice because Activision Blizzard has established minimum contacts with the forum.  For example, Activision Blizzard has committed acts of infringement in this judicial district, by among other things, selling and offering for sale products that infringe the asserted patent as alleged herein, including products sold via the GameStop store located at 2525 West Anderson Lane, Austin, TX, 78757 and via online sellers operating in and shipping to this judicial district.

7. Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§ 139l(b), (c) and l400(b) because Activision Blizzard has committed and continues to commit acts giving rise to this action, and Activision Blizzard regularly conducts business in this judicial district, including one or more acts of selling or offering for sale infringing products, as alleged herein, in this judicial district, including selling products via the GameStop store located at 2525

West Anderson Lane, Austin, TX, 78757 and via online sellers operating in and shipping to this judicial district.

### IV.  COUNT ONE – INFRINGEMENT OF U.S. PATENT NO. 6,471,565

8. Interactive ToyBox re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

9. On October 29, 2002, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,471,565 ("the '565 Patent"), entitled "Interactive Toy."  A true and correct copy of the '565 Patent is attached as Exhibit A to this Complaint.

10. Interactive ToyBox is the owner of all right, title, and interest in and to the '565 Patent, including the right to assert all causes of action arising under the '565 Patent and the right to any remedies for the infringement of the '565 Patent.

11. Activision Blizzard makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, Starter Packs for Skylanders Spyro's Adventure, Skylanders Giants, Skylanders Trap Team, Skylanders SuperChargers, Skylanders Battlegrounds, and accessories (e.g., figurines, traps, magic items, location pieces, etc.) for use in conjunction therewith, where such accessories may be included in or sold separately from Starter Packs (collectively, the "Accused Products").

12. The Accused Products include the Skylanders Trap Team Tablet Starter Pack.

13. The Skylanders Trap Team Tablet Starter Pack is offered for sale at retailers in this judicial district, including at the GameStop store located at 2525 West Anderson Lane, Austin, TX 78757, and from online sellers operating in and shipping to this judicial district.

14. The Skylanders Trap Team Tablet Starter Pack includes a "Portal," two Skylanders figurines, two "traps," a wireless controller, batteries for the Portal, and batteries for the wireless controller.

15. The Portal includes several circuit boards. At least one of the circuit boards ("processor board") includes a processor.

16. In view of paragraph 15, at least one processing unit is incorporated into the Portal.

17. The Portal includes a battery compartment and circuitry connected to the processor board.

18. In view of paragraph 17, the Portal includes an autonomous electrical supply that supplies the at least one processing unit with electrical energy.

19. The Portal includes a button and an electrical switch to carry out on, off, and Bluetooth pairing functions.

20. The Portal includes a "main" radio-frequency identification (RFID) reader to carry out functions including detecting accessories, such as Skylanders figurines.

21. The Portal includes a "trap receptacle" to carry out functions including detecting traps.

22. In view of paragraphs 19-21, the Portal includes an assembly of at least one of a sensor and an actuator that is connected to the at least one processing unit to carry out at least one type of function.

23. The Portal includes a wire loop that inductively couples with the RFID tag included in an accessory, such as a Skylanders figurine, when the accessory is placed on the top surface of the Portal.

24.     The wire loop described in paragraph 23 is connected to the processor board.

25.     An antenna loop for the trap receptacle ("trap loop") surrounds the trap receptacle and inductively couples with an RFID tag included in a trap inserted into the trap receptacle.

26.     The Portal is capable of reading data from and/or writing data to traps inserted into the trap receptacle.

27.     In view of paragraphs 23-26, the Portal includes at least one inductive coupler connected to the at least one processing unit.

28.     Accessories for use with the Portal, such as the Skylanders figurines and traps included in the Skylanders Trap Team Tablet Starter Pack, each include a passive RFID tag.

29.     The passive RFID tag described in paragraph 28 is powered via an electromagnetic field when near the wire loop and/or the trap loop, such as when a Skylanders figurine is placed on the top surface of the Portal or a trap is inserted into the trap receptacle.

30.     In view of paragraphs 28-29, the Skylanders Trap Team Tablet Starter Pack includes a plurality of accessories that comprises at least one inductive label for interacting electromagnetically with the at least one inductive coupler.

31.     The Portal is capable of reading data from and/or writing data to accessories placed on the top surface of the Portal or inserted into the trap receptacle.

32.     Upon information and belief, when an accessory is placed on the top surface of the Portal or inserted into the trap receptacle, the RFID tag in the accessory and the RFID reader in the Portal communicate using inductive coupling.

33.     Upon information and belief, during operation of the Portal, current flows through the wire loop and/or the antenna loop and produces a magnetic field that causes, when an accessory is placed within the magnetic field, a current to flow in the coil of the RFID tag in the

accessory, forming a parallel resonant circuit corresponding to a transmission frequency of the RFID reader.

34. The Portal has a label that indicates Federal Communications Commission (FCC) ID XLU8713790.

35. Publically available documents for FCC ID XLU8713790 available at https://fccid.io/XLU87131790 ("FCC Documents") indicate that the Portal operates using a transmission frequency of 13.56 MHz.

36. Upon information and belief, when an accessory is placed on or near the Portal, an RFID tag in the accessory stores data that varies the current in an antenna of the RFID tag.

37. Upon information and belief, the data described in paragraph 36 includes at least an identifier of the Skylanders character that a figurine corresponds to or an identifier of the particular trap that has been inserted into the trap receptacle.

38. The FCC Documents indicate that the Portal uses amplitude shift keying (ASK) for communication.

39. In view of paragraphs 31-38, the Skylanders Trap Team Tablet Starter Pack includes a plurality of accessories comprising at least one inductive label for interacting electromagnetically with the at least one inductive coupler so that a current of defined frequency flows through the at least one inductive coupler and the inductive coupler exchanges with the at least one inductive label binary data corresponding to at least one of a phase and an amplitude state of frequency modulation.

40. In view of paragraphs 14-39, each and every element of claim 1 of the '565 Patent is found in the Skylanders Trap Team Tablet Starter Pack.

41. Activision Blizzard has and continues to directly infringe at least one claim of the '565 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Interactive ToyBox.

42. Activision Blizzard has received notice and actual or constructive knowledge of the '565 Patent since at least the date of service of this Complaint.

43. Through its actions, Activision Blizzard has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '565 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating instructions on how to play and use the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at https://www.skylanders.com/video-games/skylanders-trap-team and https://support.activision.com/servlet/servlet.FileDownload?retURL=%2Fapex%2Fmanuals&file=00PU000000BEdE5MAL.

44. Through its actions, Activision Blizzard has contributed to the infringement of the '565 Patent by having its direct and indirect customers sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '565 Patent. The Accused Products are especially made or adapted for infringing the '565 Patent and have no substantial non-infringing use. For example, in view of paragraphs 14-40, the Accused Products contain functionality which is material to at least one claim of the '565 Patent.

45.     Activision Blizzard derives revenue from both its own and/or third-party infringement of the '565 Patent and Interactive ToyBox has been and will continue to suffer damages as a result of Activision Blizzard's infringing acts.

## V.  JURY DEMAND

46.     Interactive ToyBox hereby demands a jury on all issues so triable.

## VI.  REQUEST FOR RELIEF

WHEREFORE, Interactive ToyBox respectfully requests that the Court:

A. Enter judgment that Activision Blizzard infringes one or more claims of the '565 Patent literally and/or under the doctrine of equivalents;

B. Enter judgment that Activision Blizzard has induced infringement and continues to induce infringement of one or more claims of the '565 Patent;

C. Enter judgment that Activision Blizzard has contributed to and continues to contribute to the infringement of one or more claims of the '565 Patent;

D. Award Interactive ToyBox past and future damages, to be paid by Activision Blizzard in an amount adequate to compensate Interactive ToyBox for such past and future damages, together with pre-judgment and post-judgment interest for the infringement by Activision Blizzard of the '565 Patent through the date such judgment is entered in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

E. Declare this case exceptional pursuant to 35 U.S.C. §285; and

F. Award Interactive ToyBox its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated:  December 12, 2016              Respectfully submitted,


                                       */s/ M. Vanessah Melton Pace*
                                       M. Vanessah Melton Pace (TX Bar No. 24028818)
                                       Aakash S. Parekh (TX Bar No. 24059133)
                                       TOLER LAW GROUP, PC
                                       8500 Bluffstone Cove
                                       Suite A201
                                       Austin, TX 78759
                                       Telephone:  (512) 327-5515
                                       Facsimile:   (512) 327-5575
                                       E-mail: vpace@tlgiplaw.com
                                       E-mail: aparekh@tlgiplaw.com
                                       *Attorneys for Plaintiff*
                                       *Interactive ToyBox, LLC*